IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KATHLEEN GILLIS,[1] | § | |
| | § | |
| Respondent Below-<br>Appellant, | § | No. 394, 2017 |
| | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| THOMAS HUGHES, JR., | § | |
| | § | File No. CK14-01534 |
| Petitioner Below-<br>Appellee. | § | Petition No. 14-14230 |
| | § | |

Submitted: February 9, 2018
Decided: April 25, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the parties' briefs and the record below,[2] it appears to the Court that:

(1)    In this appeal from a child custody order and the denial of a motion to relocate, the appellant, Kathleen Gillis ("Mother"), argues that the Family Court's factual findings are not supported by the record because the Family Court dismissed the testimony of the educational expert and ignored evidence of Thomas Hughes'

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] On March 29, 2018, after briefing on appeal was completed, Mother filed a request to provide additional information to the Court.  This Court, however, will not consider evidence on appeal that was not presented to and considered by the trial court in the first instance. *Zappa v. Logan*, 2013 WL 4538215 (Del. Aug. 23, 2013).

("Father") past abusive behavior. Mother also argues that the Family Court erred in its application of the best interest factors under the Model Relocation Act.[3]

(2) Our review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[4] To the extent the Family Court's decision implicates rulings of law, our review is de novo.[5] Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[6] The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[7]

(3) Custody matters are inherently difficult cases, and this case is particularly complicated because one of the parties' two young sons is autistic. It is clear from the testimony that, despite their difficulties in dealing with each other at times, both parties love their children and are involved in their lives. Although the educational expert's testimony in this case provides some support for Mother's contention that her move to Florida would provide their special needs son with

---

[3] 10 J. Am. Acad. Matrim. Law. 1, at 18 (1998).
[4] *Devon v. Mundy*, 906 A.2d 750, 752 (Del. 2006).
[5] *Id.* (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).
[6] *Id.* (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[7] *Id.* at 752-53.

access to expanded services and specialized in-school learning support that he is not receiving in the Delaware public school system, this testimony was one piece of information among many that the Family Court was required to take into account in determining the best interests of both children.[8]

(4) Contrary to Mother's contentions, the Family Court considered all of the relevant evidence in this case, including the testimony of Mother's educational expert and the evidence of the consent PFA entered against Father in 2014. The Family Court weighed all of the relevant evidence bearing on the best interest factors under 13 *Del. C.* § 722,[9] as it was required to do, and also considered the best interest factors under the Model Relocation Act, which it was permitted to do in its discretion.[10]

---

[8] *See* 13 *Del. C.* § 722.

[9] The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 Del. C. § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household. 13 *Del. C.* § 722.

[10] *Potter v. Branson*, 2005 WL 1403823, at *2 (Del. June 13, 2005) (holding the Family Court has discretion to consider additional factors like the Model Relocation Act factors as long as it considers the mandated Section 722 factors). The Model Relocation Act factors include: (i) the nature, quality, extent of involvement and duration of relationship of the child with each parent; (ii) the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development; (iii) the feasibility of preserving the child's relationship with the non-custodial parent; (iv) the child's preference, considering age and maturity level; (v) whether there is an established pattern of the person seeking relocation either to promote or thwart the child's relation with the other parent; (vi) whether the relocation of

(5) After careful consideration of the parties' respective positions on appeal and after a thorough review of the record, the Court has determined that this appeal should be affirmed on the basis of the Family Court's well-reasoned decision dated August 31, 2017. It is clear that the trial judge considered the evidence under the appropriate legal standards and reasoned in a logical way in determining that shared residential placement was in the best interests of both children and in denying Mother's motion to relocate. We recognize that this is a close case, and that Mother presents issues affecting in critical ways the lives of all concerned. Regrettably, this is a sad case, like many our Family Court must decide, in which there is no easy or obviously correct outcome. Our duty on appeal is to defer to a difficult decision made by our trial courts when it is supported by the record and the law, as it is here.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

the child will enhance the general quality of life for both the party seeking the relocation and the child, including but not limited to financial, emotional, or educational opportunity (including cultural opportunities and access to extended family); (vii) the reasons for seeking relocation; and (vii) any other factor affecting the interest of the child.